Babak Pourtavoosi, Esquire,
Law Offices of Babak Pourtavoosi PC
Of counsel to Pannun The Firm, PC
75-20 Astoria Boulevard, Suite 170
Jackson Heights, NY 11370
(718) 672-8000; Fax: (718) 732-4514
babakpacer@gmail.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| **Sikhs For Justice, Inc., "SFJ"** ) | |
| ) | Civ. No._____ |
| **Plaintiff,** ) | |
| ) | COMPLAINT |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| **U.S. Department of State,** ) | |
| ) | |
| **Defendant** ) | |
| _____) | |

### COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552(a) (2013), for injunctive and other appropriate relief, seeking the release of agency records requested by the Plaintiff "Sikhs For Justice", Inc. more than a year ago, on or around August 5, 2014 from the defendant U.S. Department of State ("USDOS").

1

2. The subject of the records sought is "Narendra Modi" who has been involved in 2002 massacre of Muslims in the state of Gujarat while he was Chief Minister of the state.

3. In or around 2005 defendant USDOS revoked previously issued B-2 tourist visa of Narendra Modi under section 212 (a)(2)(G) of the INA because while serving as a foreign government official Modi "was responsible for or directly carried out, at any time, particularly severe violations of religious freedom" rendering him inadmissible to the United States.

4. Since Narendra Modi has now been allowed to enter the United States, through the FOIA request, the plaintiff seeks the production of all the records in possession of USDOS related to Narendra Modi's visa and entry into the United States including all correspondence originated or received by the USDOS related to issuance of visa to Modi.

5. It is a matter of great public concern that a foreign official who had been involved in religious freedom be allowed to enter the United States.

6. This lawsuit challenges the failure of the USDOS to produce the documents in response to Plaintiff's Freedom of Information Act request ("SFJ's FOIA Request"). Plaintiff sought the records from June 2013 to the present regarding the "visa and entry to Narendra Modi' former Chief Minister of Gujarat and currently Prime Minister of India." (SFJ FOIA Request).

Plaintiff has constructively exhausted its administrative remedies. Plaintiff asks the Court to order prompt production of all responsive records.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(A)(vii), 5 U.S.C. §§ 552(a)(4)(B), and 5 U.S.C. §§ 552(a)(6)(c)(i) (2013). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2013). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. **Plaintiff** "Sikhs For Justice", Inc. (SFJ) is a registered not-for-profit organization duly organized under the laws of the State of New York and dedicated to the advocacy of human rights particularly rights and issues pertaining to the plight of religious minorities of India and their treatment by the successive Indian Governments.

9. **Defendant** United States Department of State (USDOS) is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). USDOS is headquartered in Washington, D.C. The defendant holds the information subject to Plaintiff's FOIA request and plaintiff's request was directed to the defendant more than one year ago

and the defendant has not yet produced the records requested and has thus constructively denied the plaintiff's FOIA request.

## FACTS

**A. Background on Narendra Modi involvement in 2002 Gujarat Riots**

10. The 2002 Gujarat massacre with a death toll of over two thousand and two-thousand-five-hundred Muslims is reported, thoroughly documented, and well known by the surviving victims and their families and the general public still seeking justice criminally and civilly against Narendra Modi who imposed his official version of violent acts of terrorism as a Hindu nationalist and leader of the Bharatiya Janata Party (BJP) of India and former Chief Minister of the state of Gujarat.

11. In April, 2005, the U.S. Department of State in a letter to Joseph R. Pitts Member of the U.S. House of Representatives stated that the U.S. Embassy in India "revoked Narendra Modi's previously existing B-2 tourist visa under section 212 (a)(2)(G) of the INA" because while serving as a foreign government official he "was responsible for or directly carried out, at any time, particularly severe violations of religious freedom" rendering him inadmissible to the United States.

12. Since 2014 Narendra Modi has been allowed to enter and visit the United States.

## I. General Allegations

13. Plaintiff demands immediate production of the requested documents.

## SFJ's FOIA REQUEST

14. Plaintiff submitted a detailed request to Defendant pursuant to FOIA on August 5, 2014.

15. Plaintiff made the following verbatim request in its August 5, 2014 FOIA:

    a. From June 2013 till present, all records of communications including but not limited to emails, cables, letters and memos exchanged between US Department of State, US Department of Homeland Security, White house and any other branch/department of the US Government regarding "visa and entry to Narendra Modi" former Chief Minister of Gujarat and currently Prime Minister of India.

    b. From June 2013 till present, all records of communications including but not limited to emails, cables, letters and memos exchanged between US Department of State and members of the Congress and Congressional committees regarding "visa and entry to Narendra Modi" former Chief Minister of Gujarat and currently Prime Minister of India.

    c. From June 2013 till present, all records of communications including but not limited to emails, letters and memos received by the US Department of State or Secretary of State from any individuals, groups, organizations, lobbying firms or any other entity regarding "visa and entry to Narendra Modi".

    d. From June 2013 till present, all Communications including but not limited to memos, letters and emails exchanged between Department

of State and United States Commission on International Religious Freedom (USCIRF) regarding "visa and entry to Narendra Modi".

e. From June 2013 till present, all records of cables and communications including but not limited to emails, letters and memos exchanged between US DOS and US Consulates and facilities in India regarding "issuance of Visa and entry to Narendra Modi".

f. All records of communications including but not limited to emails, cables, letters and memos regarding 2005 decision to cancel US Visa of Narendra Modi, a citizen of India and then Chief Minister of the state of Gujarat.

g. All records of cables and communications including but not limited to emails, letters and memos received by the US DOS from US Consulates and facilities in India regarding February-March 2002 violence and massacre in the state of Gujarat.

16. Plaintiff sought expedited processing because the request was made by "a person primarily engaged in disseminating information" and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. §552(a)(6)(E)(v)(II) (2013); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001). Specifically, Plaintiff noted "[t]he public has an urgent need for information about issuance of visa to Indian PM Modi and invitation to attend a Summit at the White House because Indian Prime Minister Narendra Modi's visa was cancelled/revoked in 2005 for his involvement in serious human rights violations during 2002 massacre in the state of Gujarat while he was the

Chief Minister of that state. Since Mr. Modi is due to arrive in the United States during September 2014 and is scheduled to attend a summit at the White House, it is urgent that public be aware of how, and under what US law a decision was taken to grant visa and invitation to Mr. Modi, a known human rights violator."

17. Plaintiff argued that the information regarding Narendra Modi's Visa and entry documents into the United States will provide more detail about his involvement with U.S. government in the past and will be useful in assessing and warning the public about thwarting such attempts in the future given Narendra Modi's known track record as a human rights violator.

18. On August 11, 2014, defendant responded with a letter from U.S. Department of State FOIA Requesr Service Center assigning control number F-2014-13893 to this request. (See Exhibit "1")

19. Plaintiff contacted the Defendant several times to get the status of the plaintiff's FOIA request.

20. On February 04, 2015, the Defendant responded by electronic correspondence stating that an Estimated Completion Date (ECD) of January 28, 2016 has been set (See Exhibit "1"). Nothing in the correspondence intimated at any unusual circumstances to warrant such a lengthy delay, said delay being clearly excessive as almost two years beyond the original

request date and certainly well beyond the Twenty-Day (20) statutorily-imposed time limit under 5 U.S.C. Section 552 (a)(6)(A)(i).

21. Plaintiff received no response from Defendant pertaining to the FOIA request other than what was stated herein. Plaintiff never received the documents that were requested.

### Plaintiff has Constructively Exhausted its Administrative Remedies

22. Paragraphs 1-21 above are hereby incorporated by reference as if set forth fully herein.
23. It has been well over one (1) year since Plaintiff's FOIA Request was received by the Defendant.
24. The Defendant has failed to make a determination or produce the documents requested in Plaintiff's FOIA Request within the time period prescribed by 5 U.S.C. §552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).
25. The Defendant's failure to produce the documents or make a determination within the statutory limit violates the FOIA.
26. Plaintiff has constructively exhausted the administrative remedies. 5 U.S.C. §552 (a)(6)(C)(i) (2013).

### Count I
### Violation of FOIA: Failure to Comply with Statutory Deadlines

27. Paragraphs 1-26 above are hereby incorporated by reference as if set forth fully herein.

28. As described above, Defendant's failure to make a determination regarding Plaintiff's FOIA Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. §552 (a)(6)(A)(ii) and (a)(6)(E)(iii) (2013).

29. Plaintiff has constructively exhausted the applicable administrative remedies with respect to Plaintiff's FOIA Request. 5 U.S.C. §552 (a)(6)(C)(i) (2013).

## Count II
### Violation of FOIA: Unlawful Withholding of Agency Records

30. Paragraphs 1-29 above are hereby incorporated by reference as if set forth fully herein.

31. As described above, the Defendant has failed to comply with statutory deadlines and failed to make responsive records available to Plaintiff.

32. As a result of the Defendant's unlawful delay, Plaintiff and the public have been denied access to agency records to which the plaintiff is lawfully entitled under the FOIA, 5 U.S.C. §552 (a)(3)(A) (2013).

33. Plaintiff has constructively exhausted the applicable administrative remedies with respect to Plaintiff's FOIA Request, 5 U.S.C. §552(a)(6)(C)(i) (2013).

34. Plaintiff is entitled to injunctive relief compelling the prompt disclosure of the requested agency records.

## Count III
### Violation of FOIA: Failure to Grant Expedited Processing

35. Paragraphs 1-34 above are hereby incorporated by reference as if set forth fully herein.

36. In the Plaintiff's FOIA Request, Plaintiff set forth facts and law in support of being granted expedited processing.

37. The agency failed to make a determination on Plaintiff's expedited processing request.

38. Plaintiff has constructively exhausted the applicable administrative remedies with respect to Plaintiff's expedited processing request, 5 U.S.C. §552(a)(6)(C)(i) (2013).

39. Plaintiff is entitled to injunctive relief providing for expedited processing in this matter as a consequence of the agency's failure to make a determination on the expedited processing request.

40. Plaintiff is entitled to expedited processing in this matter as the agency failed to comply with the time limit under 5 U.S.C. §552(a)(6)(E)(ii)(I) and (a)(6)(E)(ii) (2013).

## Requested Relief

**WHEREFORE,** Plaintiffs pray that this Court:

A. Order Defendant to conduct a reasonable search for all responsive records;

B. Order Defendant to promptly disclose to Plaintiff responsive records;

C. Order Defendant to produce a Vaughn index identifying any document or portion of a document withheld, stating the statutory exemption claimed, and explaining how disclosure would damage the interests protected by the claimed exemption;

D. Order Defendant to grant Plaintiff expedited processing;

E. Award Plaintiff its costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E) (2013); and

F. Grant such other, further, or different relief as the Court may deem just and proper.

A jury trial is demanded on all issues.

Dated: September 03, 2015

                                          ___/s/Babak Pourtavoosi_____
                                          Babak Pourtavoosi, Esquire,
                                          75-20 Astoria Boulevard, Suite 170
                                          Jackson Heights, NY 11370
                                          (718) 672-8000; Fax: (718) 732-4514
                                          babakpacer@gmail.com
                                          Attorney for Plaintiffs