PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: REBECCA S. TINIO
Assistant United States Attorney
86 Chambers St, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2774
Facsimile: (212) 637-2702
Email: rebecca.tinio@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIKHS FOR JUSTICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> ) <br> Defendant. ) <br> ) | 15 Civ. 6969 (JGK) <br><br> **ANSWER** |

Defendant the United States Department of State ("DOS"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers the complaint, upon information and belief, as follows:

1. Paragraph 1 of the complaint constitutes plaintiff's characterization of the nature of this action, to which no response is required, except that DOS admits that on or around August 5, 2014, DOS, Office of Information Programs & Services, received a request, dated August 5, 2014, pursuant to the Freedom of Information Act ("FOIA"), from plaintiff Sikhs for Justice (the "FOIA Request").

2. Paragraph 2 of the complaint contains plaintiff's characterizations of alleged external events, to which no response is required, except that DOS admits that some of the requests set forth in the FOIA Request refer to an individual identified as Narendra Modi.

3. Paragraph 3 of the complaint contains plaintiff's characterization of alleged events, to which no response is required. To the extent that a response is required, DOS neither admits nor denies the allegations in Paragraph 3, on the basis that the records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States are considered confidential pursuant to 8 U.S.C. § 1202(f).

4. Paragraph 4 of the complaint contains plaintiff's characterizations of alleged events, to which no response is required. To the extent a response is required, DOS admits that Narendra Modi has previously visited the United States, and also avers that the records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States are considered confidential pursuant to 8 U.S.C. § 1202(f). Additionally, DOS admits that some of the requests set forth in the FOIA Request seek documents relating to, in the words of the requests, "visa and entry to Narendra Modi."

5. Paragraph 5 constitutes plaintiff's characterizations of alleged external events, to which no response is required. To the extent a response is required, DOS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the complaint.

6. Paragraph 6 constitutes plaintiff's characterization of this action, legal conclusions as to whether plaintiff has exhausted its administrative remedies, and

characterization of the relief sought in this lawsuit, to which no response is required, except that DOS admits that some of the requests in the FOIA Request seek documents "[f]rom June 2013 till present" relating to communications between the Department of State in Washington, D.C., the "U.S. Consulates and facilities in India," and various other individuals and entities about the "visa and entry to Narendra Modi," and also admits that DOS has not, to date, produced records to plaintiff in response to the FOIA Request. To the extent a further response is required, DOS denies the remaining allegations in Paragraph 6 of the complaint.

7. Paragraph 7 of the complaint consists solely of plaintiff's legal conclusions regarding jurisdiction and venue, to which no response is required. To the extent a response is required, DOS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the complaint.

8. DOS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the complaint.

9. DOS denies the allegations in Paragraph 9 of the complaint, except admits that DOS is an executive agency of the United States that has offices located in Washington, D.C. and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOS also admits that it received the FOIA Request on or around August 5, 2014, and has not, to date, produced records to plaintiff in response to the FOIA Request.

10. Paragraph 10 contains plaintiff's characterizations of alleged external events, to which no response is required. To the extent a response is required, DOS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the complaint.

11. Paragraph 11 contains plaintiff's characterizations of alleged external events, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 11 of the complaint, except admits that DOS sent a letter to Congressman Joseph R. Pitts on or around April 5, 2005, and refers the Court to that letter for its complete contents.

12. Paragraph 12 contains plaintiff's characterizations of alleged external events, to which no response is required. To the extent a response is required, DOS admits that Narendra Modi has previously visited the United States, and also avers that the records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States are considered confidential pursuant to 8 U.S.C. § 1202(f).

13. Paragraph 13 contains plaintiff's characterization of the relief requested in this lawsuit, to which no response is required.

14. DOS admits that DOS, Office of Information Programs & Services, received the FOIA Request on or around August 5, 2014. To the extent Paragraph 14 of the complaint characterizes the FOIA Request, DOS denies those allegations, and refers the Court to the FOIA Request for its complete contents.

15. DOS admits that Paragraph 15 of the complaint accurately quotes the requests set forth in the FOIA Request, and refers the Court to the FOIA Request for its complete contents.

16. Paragraph 16 constitutes plaintiff's characterizations and legal conclusions regarding its request that the FOIA Request receive expedited processing, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 16 of the complaint, except admits that plaintiff requested expedited processing of the FOIA Request.

17. Paragraph 17 constitutes plaintiff's own characterization of the FOIA Request, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 17 of the complaint, and refers the Court to the FOIA Request for its complete contents.

18. With respect to the allegations in Paragraph 18 of the complaint, DOS admits that DOS, Office of Information Programs & Services, Requester Communications Branch, responded to the FOIA Request on August 11, 2014, and assigned Case Control Number F-2014-13893 to the FOIA Request.

19. Paragraph 19 contains plaintiff's characterization of its communications with DOS regarding the FOIA Request to which no response is required, except that DOS admits that following the submission of the FOIA Request, plaintiff contacted DOS, Office of Information Programs & Services, regarding the status of the FOIA Request. To the extent a further response is required, DOS denies the allegations in Paragraph 19 of the complaint, and refers the Court to the referenced correspondence for its complete contents.

20. Paragraph 20 of the complaint contains plaintiffs characterization of events to which no response is required, except that DOS admits that on February 4, 2015, DOS, FOIA Requester Service Center, sent an email to a representative of plaintiff, stating, among other things, that the estimated completion date ("ECD") for FOIA Case Number F-2014-13893 was January 28, 2016. To the extent a further response is required, DOS denies the allegations in Paragraph 20 of the complaint, and refers the Court to the referenced correspondence for its complete contents.

21. DOS denies the allegations in Paragraph 21 of the complaint, except admits that DOS has not, to date, provided records to plaintiff in response to the FOIA Request.

22. DOS incorporates by reference its responses to Paragraphs 1 to 21 above.

23. With respect to the allegations in Paragraph 23 of the complaint, DOS admits that DOS, Office of Information Programs & Services, received the FOIA Request on or around August 5, 2014.

24. Paragraph 24 contains plaintiff's legal conclusions, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 24 of the complaint, except admits that DOS has not, to date, provided records in response to the FOIA Request.

25. Paragraph 25 of the complaint constitutes plaintiff's legal conclusions, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 25 of the complaint.

26. Paragraph 26 of the complaint constitutes plaintiff's legal conclusions relating to exhaustion, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 26 of the complaint.

27. DOS incorporates by reference its responses to Paragraphs 1 to 26 above.

28. Paragraph 28 of the complaint constitutes plaintiff's legal conclusions, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 28 of the complaint.

29. Paragraph 29 of the complaint constitutes plaintiff's legal conclusions relating to exhaustion, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 29 of the complaint.

30. DOS incorporates by reference its responses to Paragraphs 1 to 29 above.

31. Paragraph 31 contains plaintiff's legal conclusions, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 31 of the complaint, except admits that DOS has not, to date, provided records in response to the FOIA Request.

32. Paragraph 32 of the complaint constitutes plaintiff's legal conclusions, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 32 of the complaint.

33. Paragraph 33 of the complaint constitutes plaintiff's legal conclusions relating to exhaustion, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 33 of the complaint.

34. Paragraph 34 of the complaint contains plaintiff's characterization of the relief requested in this lawsuit, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 34 of the complaint.

35. DOS incorporates by reference its responses to Paragraphs 1 to 34 above.

36. Paragraph 36 of the complaint contains plaintiff's characterization of the FOIA Request, to which no response is required, except that DOS admits that in the FOIA Request, plaintiff requested expedited processing. To the extent a further response is required, DOS denies the remaining allegations in Paragraph 36 of the complaint.

37. DOS denies the allegations in Paragraph 37 of the complaint.

38. Paragraph 38 of the complaint constitutes plaintiff's legal conclusions relating to exhaustion, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 38 of the complaint.

39. Paragraph 39 of the complaint contains plaintiff's characterization of the relief requested in this lawsuit, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 39 of the complaint.

40. Paragraph 40 of the complaint contains plaintiff's characterization of the relief requested in this lawsuit, to which no response is required. To the extent a response is required, DOS denies the allegations in Paragraph 40 of the complaint.

41. The allegations in Paragraphs A-F following Paragraph 40 of the complaint and commencing with the word "WHEREFORE" constitute plaintiff's requests for relief, to which no response is required. To the extent that a response is required, DOS denies that plaintiff is entitled to the requested relief, or any relief whatsoever.

## AFFIRMATIVE AND/OR OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For a further and separate answer, DOS alleges as follows:

### FIRST DEFENSE

The complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has not exhausted its administrative remedies.

### THIRD DEFENSE

Some or all of the documents requested in plaintiff's FOIA request are exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

## FOURTH DEFENSE

Some or all of the documents requested in plaintiff's FOIA request are exempt from disclosure under the Privacy Act. *See* 5 U.S.C. § 552a.

## FIFTH DEFENSE

DOS has exercised due diligence in processing plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for DOS to process the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C).

## SIXTH DEFENSE

The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of defendant's automated systems. *See* 5 U.S.C. § 552(a)(3)(C).

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## EIGHTH DEFENSE

Plaintiff is not entitled to a full waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

## NINTH DEFENSE

Plaintiff is not entitled to a jury trial under FOIA, 5 U.S.C. § 552.

Dated: New York, New York
November 10, 2015

                                      Respectfully submitted,
                                      PREET BHARARA
                                      United States Attorney
                                      *Attorney for Defendant*

By:    */s/ Rebecca S. Tinio*
        REBECCA S. TINIO
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2774
        Facsimile:  (212) 637-2702
        E-mail:rebecca.tinio@usdoj.gov